

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Assaf v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1837

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Assaf v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1175.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1175

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-1837 & 07-2867
_____

ADNAN HAMAD ASSAF,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of Orders of the
Board of Immigration Appeals
(BIA No. A95-831-900)
(U.S. Immigration Judge:  Honorable Henry Dogin)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed:   May 21, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

       Adnan Assaf petitions for review of a Board of Immigration Appeals ("BIA")

decision dismissing his appeal from an Immigration Judge's ("IJ") decision denying his

application for cancellation of removal, and a BIA decision denying his motion to reopen

his immigration proceedings.  We will dismiss Assaf's petition for review of the BIA's

initial decision for lack of jurisdiction, and deny the petition for review of the BIA's decision denying Assaf's motion to reopen.

Assaf is a native and citizen of Jordan. He came to the United States in 1988 as a visitor. In 2003, the Immigration and Naturalization Service issued a notice to appear charging that Assaf was subject to removal because he stayed here longer than permitted. Assaf conceded that he was removable as charged, and applied for cancellation of removal. Assaf has three children who are United States citizens. Assaf's wife is here illegally.

The IJ denied Assaf's application for cancellation for removal because he did not establish "exceptional and extremely unusual hardship" to his children if he was removed, as required by 8 U.S.C. § 1229b(b)(1). The IJ recognized that Assaf's children would have lesser educational opportunities in Jordan, that Assaf would have a diminished income, and that the children's uprooting would be difficult, but the IJ stated that these factors were not a basis for cancellation of removal. The IJ noted that Assaf had extensive family ties in Jordan and owned a home there. Assaf appealed, and the BIA agreed that he did not show the requisite hardship for cancellation of removal.[1]

Assaf filed a petition for review. While his petition was pending, Assaf retained new counsel and moved to reopen the proceedings, claiming that he had new evidence of

---

[1]The BIA and the IJ granted Assaf voluntary departure, but it does not appear that he has left the United States.

trauma to his children resulting from the prospect of moving to Jordan, and that he had received ineffective assistance of counsel. Assaf argued that his attorney failed to prepare for his hearing and did not submit all of the evidence of hardship that his children would suffer if he was removed. Assaf submitted a letter from a psychologist, letters from his children, and his own affidavit, all of which were prepared after the BIA issued its decision. He also submitted the affidavit of a man named Hassan Hasan and a letter from Hasan's daughter. The Hasan family moved to Jordan so that the children could learn about their heritage, but they returned to the United States because they were dissatisfied with the school system in Jordan, and because the children, who had been raised here, had difficulty communicating in Arabic.

The BIA denied the motion to reopen, stating that Assaf did not specify the evidence that existed before the hearing that his attorney would have introduced had he been more prepared, and he did not present new facts that were unavailable at the earlier hearing. The BIA noted that the psychologist's report stated that Assaf's children feared emotional, economic, and educational hardships – factors that the IJ had already considered and that did not amount to exceptional and extremely unusual hardship under the applicable case law. The BIA also concluded that Assaf had not satisfied the procedural requirements for bringing an ineffective assistance of counsel claim, and that counsel did not provide ineffective assistance that prejudiced him. Assaf filed a petition for review, which was consolidated with his petition for review of the BIA's decision

3

dismissing his appeal of the order denying cancellation of removal.

Assaf does not address in his brief the BIA's initial decision that he did not establish the requisite hardship for cancellation of removal. To the extent Assaf still seeks review of that decision, we lack jurisdiction to review whether the BIA and IJ correctly decided that he did not meet the hardship requirement because such a determination is a discretionary judgment that is not subject to review under 8 U.S.C. § 1252(a)(2)(B). Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003).

We have jurisdiction to review the denial of a motion to reopen, and we review such a decision for an abuse of discretion. Borges v. Gonzalez, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we will disturb the BIA's decision only if it is arbitrary, irrational, or contrary to law. Id.

Assaf argues that the BIA erred in concluding that the evidence of his children's deteriorating emotional states contained in the psychologist's report was not new. The psychologist's report, however, does not discuss any new developments since Assaf's hearing. Rather, the psychologist stated that he interviewed the Assaf family regarding the potential effects of Assaf's removal on the children. The children expressed financial concerns, concerns about hostility and lack of opportunity in Jordan, and sadness. The psychologist opined that Assaf's removal would negatively alter the course of the children's emotional and educational development, and that, if the children lived here with their mother, they would likely live below the poverty level. Assaf has not shown

4

that the BIA's conclusion that he did not present new material facts that were not available at his hearing was arbitrary, irrational, or contrary to law.[2]

Assaf also argues that he was prejudiced by counsel's ineffective assistance. We have jurisdiction to review this claim. See Fernandez, 439 F.3d at 602 (noting the court may determine whether the petitioner was prejudiced, and it will weigh hardship in an indirect fashion). Assaf contends that his attorney failed to present evidence showing that he is the sole source of income for the family, that he purchased the house in Jordan for his mother and his sisters, and that the children are not close to their grandmother.

Assaf, however, testified at his hearing that his wife did not work, that he rented his home in Jordan and his mother received the rental income, and that the children had only met their grandmother when she visited the United States. Even assuming Assaf's lawyer should have presented more evidence on these subjects, Assaf has not shown that the result of the proceedings would have been different. The denial of cancellation of removal was primarily based on the conclusion that Assaf's diminished income and the children's uprooting did not establish exceptional and extremely unusual hardship. Similarly, evidence about the Hasan family's experience in Jordan would not have

---

[2]To the extent Assaf asserts that he established a prima facie case of hardship based on his purported new evidence, we lack jurisdiction to review the BIA's ruling that the factors discussed by the psychologist did not amount to "exceptional and extremely unusual hardship." See Fernandez v. Gonzales, 439 F.3d 592, 601 (9th Cir. 2006) (explaining that otherwise a petitioner could make an end-run around the bar to review of direct appeals involving a lack of hardship by filing a motion to reopen).

5

changed the IJ's decision.[3]

Accordingly, we will dismiss Assaf's petition for review of the BIA's initial decision for lack of jurisdiction, and deny the petition for review of the BIA's decision denying Assaf's motion to reopen.

---

[3]Based on our conclusion that Assaf was not prejudiced, we need not address the BIA's additional conclusion that he did not satisfy the procedural requirements for bringing an ineffective assistance of counsel claim.